1  Jeffrey J. Goulder (#010258)
   Stefan M. Palys (#024752)
2  **STINSON MORRISON HECKER LLP**
   1850 North Central Avenue, Suite 2100
3  Phoenix, Arizona 85004-4584
   Tel: (602) 279-1600
4  Fax: (602) 240-6925
   Email:  jgoulder@stinson.com
5  Attorneys for BMO Harris Bank, N.A.

6

7                    **UNITED STATES DISTRICT COURT**

8                        **DISTRICT OF ARIZONA**

9  BMO Harris Bank, N.A.,                    No. CV 13-00298-PHX-MEA

10             Plaintiff,                     **PLAINTIFF'S MOTION FOR
                                              SUMMARY JUDGMENT**
11  v.
                                             (Assigned to the Hon. Mark A. Aspey)
12  Marty R. Guthmiller and Denise M.
   Guthmiller, husband and wife,
13
               Defendants.
14

15         Pursuant to A.R.S. § 33-814(A), a debtor is entitled to a fair market value hearing

16  where the lender partially satisfies the debt at issue through a trustee's sale.   BMO

17  Harris Bank, N.A. has never held a sale concerning the deed of trust at issue here.   So

18  the Guthmillers are not entitled to a fair market value hearing.   The Court should grant

19  summary judgment so holding, and enter judgment in BMO's favor on its breach of

20  contract claim.

21               **MEMORANDUM OF POINTS AND AUTHORITIES**

22  **I.     Facts.**

23         This case concerns BMO's efforts to enforce the Guthmillers' liability on a home

24  equity line of credit (the "HELOC").  The Guthmillers obtained the HELOC, which was

25  secured by a second-position deed of trust on their residence.[1]   BMO also had a first-

26  position deed of trust on the residence for an unrelated loan.[2]   After the Guthmillers

27

28  [1] BMO Statement of Fact ("SOF") 1.
   [2] SOF 2.

defaulted on the first-position loan, BMO conducted a trustee's sale on its first-position deed of trust.[3]  The proceeds of the sale were insufficient to satisfy even the first-position loan, and it left the second-position deed of trust unsecured.[4]  Then, BMO filed this suit to enforce the HELOC that had previously been secured by the second-position deed of trust.

## II.     The parties have narrowed the issues such that the applicability of A.R.S. § 33-814(A) is potentially the sole remaining issue.

The parties previously engaged in discussions to narrow the issues for the Court. As a result, the Guthmillers are not contesting their liability on their contracts with BMO.[5]  And they have since abandoned their claim that A.R.S. § 33-814(G) applies. But they still contest whether they are entitled to a fair market value hearing under A.R.S. § 33-814, and the credit to be applied if so.  This motion will only address whether A.R.S. § 33-814(A) applies in the first instance.  If it does not apply, the Guthmillers do not have a right to a fair market value hearing, and then judgment in BMO's favor on the full amount sought in its complaint is appropriate.  If it does, the Court has outlined a procedure for the resolution of the credit to be applied.[6]

## III.    The text of A.R.S. § 33-814 shows that the right to a fair market value hearing is only triggered by a sale concerning the obligation at issue.

Section 33-814(A) provides for a fair market value hearing, while Section 33-814(B) clarifies when the right to that hearing applies.  Under Section 33-814(B), a debtor only has a right to a fair market value hearing when "a sale is pursuant to one of two or more trust deeds securing the *same obligation* . . . ."  (Emphasis added.)  That is not the case here, so Section 33-814 does not apply.  And it is why the Court's analysis should end here.

The remaining portion of Section 33-814(B) confirms this reading.  Section 33-

---

[3] SOF 3.
[4] SOF 4.
[5] Stipulation, Doc. 29.
[6] Order, Doc. 31.

2

814(B) further provides that the period to request a trustee's sale is triggered "on . . . the date of sale under the last trust deed securing the obligation . . . ." That period can never be triggered here, because there can never be a trustee's sale on the now-unsecured second-position deed of trust. So reading the statue as the Guthmillers do would create the absurd result that Section 33-814(A) and (B) provide a 90-day period to request a fair market value hearing that could never be triggered in the circumstances here – where a trustee's sale on a first-position deed leaves the second-position deed unsecured.

And Section 33-814(A) itself further confirms what Section 33-814(B) says. In fact, Section 33-814(A) makes no sense if it applies to a deed of trust that has not been foreclosed. First, as in Section 33-814(B), the triggering event to Section 33-814(A)'s application is the "sale of trust property under a trust deed" and, once triggered, it permits an action "against any person . . . liable on the contract for which the deed of trust was given as security . . . ." But here the triggering "sale of trust property" was for the first-position loan, not the HELOC at issue. So by the text of the statute, there is no right to a fair market value hearing on the second-position deed.

## IV. Conclusion.

The Guthmillers cannot re-write Section 33-814 to create a new right to a fair market value hearing. The version of that statute that exists shows no such right exists here, because there has been no triggering sale on the HELOC. The Court should grant BMO summary judgment, awarding it the $120,891.44 currently due on the contract, plus its attorneys' fees and litigation expenses pursuant to the parties contracts and A.R.S. § 12-341.01.[7]

---

[7] SOF 4-6.

DB04/0807901.0461/9295642.2  DD02

RESPECTFULLY SUBMITTED this 23rd day of August, 2013.

**STINSON MORRISON HECKER LLP**


By:   s/Stefan M. Palys
                     Jeffrey J. Goulder
                     Stefan M. Palys
                     1850 North Central Avenue, Suite 2100
                     Phoenix, Arizona 85004-4584
                     Attorneys for BMO Harris Bank, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2013, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to:

                     David R. Baker
                     D. Alexander Baker
                     LANG BAKER & KLAIN, PLC
                     8767 E. Via De Commercio, Suite 102
                     Scottsdale, Arizona 85258
                     Attorneys for Defendants


                     s/Patricia Jennings

DB04/0807901.0461/9295642.2  DD02